THE PEOPLE *v.* LEÓN.

APPEAL from the District Court of Aguadilla.

No. 130.—Decided March 24, 1908.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—In a motion for a new trial based on the ground of newly discovered evidence, it is not sufficient for the accused to swear that he had exercised the necessary diligence to secure the evidence, and that he nad obtained knowledge of the newly discovered evidence after the trial, but it is necessary to state what diligence was exercised in order that the court may determine whether or not he exercised the greatest reasonable diligence in this respect. Where such requirements are not complied with, the motion must be overruled.

ID.—A motion for a new trial cannot be based upon evidence waived by the defendant at the trial nor can he be permitted thereby to again establish the facts alleged as a defense, and which were made use of as evidence at the trial.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In this cause from the District Court of Aguadilla, the *fiscal* of said court, under date of October 29 of last year, filed an information against José León Río for the crime of assault with intent to commit rape, committed in the following manner, to wit:

"The said José León Río, in the *barrio* of Calabaza, municipal district of San Sebastián, on or about August 22 of the current year 1907, wilfully, unlawfully and maliciously assaulted Isabel Acevedo y Acosta, with intent to have carnal or sexual intercourse with her against her will."

The trial by jury having been held on December 18 of the same year, the jury returned a verdict on the same date, finding the defendant guilty of the crime of assault with intent to commit rape; and the 21st of said month having been set for pronouncing sentence, counsel for José León Río moved in due time for a new trial, on the ground of newly

discovered evidence by which he could prove the innocence of the defendant.

The court set the 23d of said month of December for a hearing on the motion, and on said date rendered the following decision:

"On this 23d day of December, 1907, set by the court for a hearing on the motion filed and read in open court on the 20th instant by counsel for the defendant, Mr. Blasco, the said Attorney Blasco, and the *fiscal,* Enrique Lloreda, appeared. Attorney Blasco read the three affidavits of José Acevedo, Higinio Río and Manuel Font, signed and subscribed before Francisco Vélez, Justice of the Peace of San Sebastián, under date of the 21st instant.

"The *fiscal* opposed the motion and attacked the affidavits presented, stating the grounds of his opposition.

"The court, after having heard the motion, the affidavits, and the arguments of the parties, made the following order:

"After having read the motion filed by Attorney A. Blasco Pagan for the defendant, José León Río, applying to the court for a new trial on the ground that, after the trial for the assault with intent to commit rape, he had discovered new evidence by which he could prove the innocence of the defendant, consisting in the depositions of María López, Victor Vélez, Federico Río, Higinio Río, Juan Antonio López and Manuel Font, which show that the defendant was at the time of the alleged commission of the crime on his farm engaged in his agricultural labors and did not leave it the entire day, offering also the testimony of José Acevedo, who had been subpoenaed to attend the trial, but who had been unable to appear owing to illness.

"After having read the three affidavits, one by Manuel Font, another by José Acevedo, and another by Higinio Río, which show that José León Río was at the time of the alleged commission of the crime working on his farm, not leaving it a moment.

"After having heard the arguments of said attorney, and in opposition thereto, the *fiscal,* on behalf of The People of Porto Rico:

"Upon considering that a motion for a new trial based on the discovery of new evidence, does not require alone that affidavits establishing such evidence be presented, but also that the defendant must deny under oath that he could have presented such evidence at the trial, and show the reasons why it was not presented at the trial, and these formalities do not appear to have been complied with in this case.

"Upon reflecting that it is necessary to establish that the evidence was not forgotten or not discovered through neglect or carelessness of the applicant, and that for this reason it is necessary to prove to the satisfaction of the judge that the existence of the evidence referred to was absolutely unknown or could not have been produced owing to absolute inability and not voluntary neglect.

"Upon reflecting that the court can in no way deduce that the provisions of subdivision seven of section 303 of the Code of Criminal Procedure have been complied with, and still less when the affidavit of a witness called José Acevedo is presented, whose testimony had been waived by counsel for the defendant when he heard that he had not answered the summons of the court.

"After considering also that the evidence which must be presented in order to permit the granting of a new trial must not relate to the same point (already touched on in the previous trial, being of the same class, because there is a maximum to the effect that cumulative evidence—that is to say, additional evidence of the same class tending to the same point, is not admissible as a ground for the granting of a new trial; and that the record shows that counsel for the defendant had presented evidence to show that the defendant was engaged in his field labors with other persons at the time of the crime.

"The court denies the motion for a new trial and orders that the defendant appear at this session of the court for pronouncement of sentence in accordance with the verdict of the jury."

At this session sentence was pronounced against José León Río, by which he was sentenced to be imprisoned in the penitentiary for five years and nine months, at hard labor, and to pay the costs, for the crime of assault with intent to commit rape, and counsel for the defendant took an appeal from this sentence as well as from the order denying a new trial.

Neither the record, nor the bill of exceptions, nor the statement of facts, nor even the motion for a new trial, contains any allegation in support of both appeals, nor had the appellant filed any brief in this Supreme Court in support thereof, for which reason we have thought it advisable to insert in full the order of December 23 denying a new trial, in order that it may serve as a basis for consideration of whether or not such order should be set aside.

The facts upon which it is based have not been legally contested and we have no objection to advance against the conclusions of law set forth by the judge.

We have heretofore held in deciding the case of *The People of Porto Rico* v. *Pedro Díaz Martillo,* 5 P. R. Rep., p. 415, on February 27, 1904, that it is not sufficient to apply for a new trial on subdivision seven of section 303 of the Code of Criminal. Procedure; that the defendant allege and swear that he had taken all the necessary steps to secure evidence and had only heard of the newly discovered evidence after the trial had been held, but he must furthermore state what thost steps were, in order thus to show the court that he employed the most reasonable diligence to discover and present at the trial of the cause the new evidence of which he later attempts to avail himself.

Furthermore, in this case we have the peculiarity stated by the judge in his decision of December 23, 1907, not contra-

dicted by the defendant in an authentic manner, that the latter waived the testimony of the witness José Acevedo, whose affidavit he later presented with others in support of the motion for a new trial, and that he had also produced evidence at the proper time to establish an alibi—that is to say, his absence from the place of the crime when it was committed— all of which shows that this defense was availed of, and that the result sought not having been obtained, an effort is being made to repeat the same evidence in search of better success. If such practice were admitted for the purpose of obtaining a new trial, criminal actions would never end, and if the outcome of some evidence was adverse, other evidence would be sought to produce a favorable result.

The Aguadilla court properly denied the motion for a new trial filed by counsel for the defendant.

With regard to the judgment rendered, we have examined the record before us, and do not find that any material error has been committed, and, therefore, it should be affirmed, as should the order denying the motion for a new trial, with the costs of both appeals against the appellant.

*Affirmed.*

Justice Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision in this case.